UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY PETERS #155318,

    Petitioner,

v.                                               Case No. 2:15-cv-60
                                                HON. ROBERT HOLMES BELL

DUNCAN MACLAREN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Gary Peters, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the grounds that (1) the petition was not filed within the applicable statute of limitations; (2) the claim is unexhausted; and (3) the Court should exercise *Younger* abstention to give the state courts the opportunity to grant Petitioner the relief he seeks. For the reasons stated below, the petition should be dismissed because Petitioner has failed to exhaust his claim in state court.

In 1977, Petitioner shot and killed Janet Irene Decoster during an armed robbery. Petitioner was only seventeen years old when he committed the murder. A jury subsequently convicted Petitioner of felony murder under Mich. Comp. Laws § 750.316, which at the time carried a mandatory life sentence without the possibility of parole for all defendants, regardless of age. Thus, Petitioner was sentenced to life in prison without the possibility of parole. Petitioner has appealed his conviction several times in both federal and state courts.

On June 25, 2012, the United States Supreme Court issued its decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). In *Miller*, the Court held that mandatory life sentences for

juvenile offenders violate the Eighth Amendment. *Id.* at 2469. The Court stated: "While a sentencer's ability to impose a sentence of life imprisonment without possibility of parole on a juvenile convicted of homicide is not foreclosed, the sentence must take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.*

Based on the holding in *Miller*, Petitioner filed a motion for relief of judgment in state court pursuant to Mich. Ct. R. 6.502(G)(2).[1] The court denied the motion because the Michigan Court of Appeals recently held that *Miller* did not apply retroactively. *See People v. Carp*, 298 Mich. App. 472, 520, 828 N.W.2d 685, 713 (2012), *rev'd in part*, 499 Mich. 903, 877 N.W.2d 716 (2016). Although Petitioner did not seek leave to appeal, Petitioner alleges that he filed a "motion to stay, pending the outcome of the Michigan Supreme Court on the determination as to the retroactively status of Miller." PageID.25. Petitioner further alleges that the circuit court never made a ruling on his motion.

On March 4, 2014, a new Michigan law that addressed juvenile sentencing and the Supreme Court's holding in *Miller* took effect. *See* 2014 Mich. Pub. Acts 22 (codified at Mich. Comp. Laws §§ 769.25, 769.25a). Section 769.25 provides a procedure to afford individuals a sentencing that complies with *Miller* if their conviction was not final as of June 25, 2012, which is the date the *Miller* decision was issued. The section requires that the trial court hold a hearing as part of the sentencing process when the prosecution is seeking to impose a sentence of life without parole on a juvenile offender. Mich. Comp. Laws § 769.25(6). During the hearing, the trial court must analyze the factors listed in *Miller* and specify any aggravating and/or mitigating circumstances on the record. Mich. Comp. Laws § 769.25(6)-(7)

---

[1] The exact day that Petitioner filed this motion is unclear. Petitioner stated that it was filed on July 29, 2012. PageID.25. Respondent stated that the motion was filed on June 29, 2012. PageID.86.

Section 769.25a addresses individuals whose convictions were final prior to June 25, 2012—such as Petitioner. This section, in relevant part, states:

> If the state supreme court or the United States supreme court finds that the decision of the United States supreme court in *Miller v Alabama*, 576 US ...; 183 L Ed 2d 407; 132 S Ct 2455 (2012), applies retroactively to all defendants who were convicted of felony murder under section 316(1)(b) of the Michigan penal code, 1931 PA 328, MCL 750.316, and who were under the age of 18 at the time of their crimes, and that the decision is final for appellate purposes, the determination of whether a sentence of imprisonment shall be imprisonment for life without parole eligibility or a term of years as set forth in section 25(9) of this chapter shall be made by the sentencing judge or his or her successor as provided in this section.

Mich. Comp. Laws § 769.25a(3). The section also lays out the series of events that would take place if *Miller* is found to apply retroactively. If the prosecution still seeks to impose a sentence of imprisonment for life without the possibility of parole, the prosecuting attorney must file a motion within 180 days of the decision. Mich. Comp. Laws § 769.25a(4)(b). When a motion is filed, the court shall conduct a hearing as provided in section 25. *Id.* When a motion is not filed, "the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." Mich. Comp. Laws § 769.25a(4)(c).

On August 18, 2014, Petitioner sought leave in the Sixth Circuit to file a successive habeas petition. Petitioner requested that the court remand his case to state court for a mitigation hearing or resentencing in accordance with Mich. Comp. Laws §§ 759.25, 769.25a.[2] The Sixth Circuit granted Petitioner leave on April 7, 2015. This case was subsequently stayed pending the Supreme Court's decision in *Montgomery v. Louisiana*.

---

[2] Petitioner also requested, in the alternative, that this court take superintending control of the matter and hold a mitigation hearing or resentencing in accordance with Michigan law.

On January 25, 2016, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which held that *Miller* applied retroactively. Because the Supreme Court held that *Miller* applied retroactively, Petitioner is entitled to a resentencing pursuant to Mich. Comp. Laws §§ 759.25, 769.25a.

On July 6, 2016, the State of Michigan filed a motion requesting imposition of a sentence of life imprisonment without the possibility of parole. Petitioner has been appointed counsel, and a resentencing hearing is scheduled for March 8, 2017 in Macomb County Circuit Court.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The petitioner has the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)

In this case, Petitioner fails to show that he has properly exhausted state court remedies on his claim because he has not given the state courts the opportunity to review the claim

in light of the Supreme Court's decision in *Montgomery*. Because the United States Supreme Court held that *Miller* applied retroactively, Petitioner has a new avenue for relief in state court— he is entitled to a resentencing pursuant to Mich. Comp. Laws §§ 759.25, 769.25a. This is the precise remedy that Petitioner sought in his habeas petition. The record reflects that the state court is in the process of resentencing Petitioner. Petitioner has been appointed counsel. The prosecuting attorney has filed a motion for resentencing pursuant to Mich. Comp. Laws § 769.25a(4)(B). Petitioner is scheduled to be resentenced on March 8, 2017. If Petitioner is dissatisfied with the resentencing decision, he may appeal in the state courts. After Petitioner has exhausted his available state remedies, he may seek federal habeas relief anew based upon the resentencing decision. However, at this time, Petitioner has not exhausted available state court remedies as to the legal basis for his claim.

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed because Petitioner has not exhausted available state court remedies.

In addition, if Petitioner should choose to appeal this action, the undersigned recommends that a certificate of appealability be denied. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on the procedural grounds of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that

the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      December 14, 2016                    */s/ Timothy P. Greeley*
                                                 TIMOTHY P. GREELEY
                                                 UNITED STATES MAGISTRATE JUDGE